J-S32002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN LOUIS ECKLUND | |
| Appellant | No. 1665 WDA 2012 |

Appeal from the Judgment of Sentence August 3, 2012
In the Court of Common Pleas of Venango County
Criminal Division at No(s): C.R. No.m. 852-2011
CP-61-CR-0000852-2011

BEFORE: PANELLA, J., DONOHUE, J., and ALLEN, J.

MEMORANDUM BY PANELLA, J.: **FILED AUGUST 5, 2014**

Appellant, Shawn Louis Ecklund, appeals from the judgment of sentence entered August 3, 2012, by the Honorable H. William White, Jr., Court of Common Pleas of Venango County. We affirm.

Following a four-day jury trial, on June 22, 2012, Ecklund was convicted of Aggravated Assault – Serious Bodily Injury Attempted,[1] Intimidation of Witness,[2] Endangering the Welfare of Children,[3] Terroristic Threats,[4] and Simple Assault.[5] On August 3, 2012, the trial court sentenced

---

[1] 18 Pa.C.S. § 2702(a)(1).
[2] 18 Pa.C.S. § 4952(a)(1).
[3] 18 Pa.C.S. § 4304(a)(1).
[4] 18 Pa.C.S. § 2706(a)(1).
[5] 18 Pa.C.S. § 2701(a)(1).

Ecklund to an aggregate term of eight to twenty years' incarceration, followed by five years' probation. The trial court denied Ecklund's post-sentence motion requesting a new trial on August 10, 2012. This timely appeal followed.

On appeal, Ecklund raises the following issues for our review:

I. Whether or not, due to prosecutorial misconduct, the appellant was denied due process and a fair trial under the 5th and 14th Amendments of the United States Constitution and Article, Section 8 of the Pennsylvania Constitution?

II. Whether or not the trial court abused its discretion in failing to grant a mistrial based upon the actions of the assistant district attorney?

Appellant's Brief at 4.

Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. *See Commonwealth v. Lewis*, 39 A.3d 341, 352 (Pa. Super. 2012) (citation omitted), *appeal denied*, 51 A.3d 838 (Pa. 2012). "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1181 (Pa. 2011) (citation omitted). "The touchstone is the fairness of the trial, not the culpability of the prosecutor." *Id*.

> A prosecutor may make fair comment on the admitted evidence and may provide fair rebuttal to defense arguments. Even an otherwise improper comment may be appropriate if it is in fair response to defense counsel's remarks. Any challenge to a prosecutor's comment must be evaluated in the context in which the comment was made. …

- 2 -

Not every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial:

Reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.

*Id*. at 1181-1182 (internal citations omitted).

In the argument portion of his brief, Ecklund first recites our standard for reviewing claims of prosecutorial misconduct and then proceeds to outline 14 alleged instances of misconduct. Many of these allegations are not misconduct at all, but, for example, descriptions of trial court rulings. *See*, *e.g.*, Appellant's Brief at 11 ¶ d. ("The result of the pretrial hearing was favorable for Ecklund…."). In the instances of misconduct categorized in the brief, Ecklund is quick to vilify the prosecutor's "talent for lying and misleading the court, as well as his inability to follow court orders" or his "arrogance for verifications and certificate's [sic] of service, as well as his overall disregard in the filing and handling of court related documents." *Id*. at 10, 11. Ecklund even goes so far as to provide a section devoted to "past and/or previous conduct" of the prosecutor in cases other than that before the Court in this case. *Id*. at 15-16. Notably absent from Ecklund's argument is any detailed discussion or analysis of how the prosecutor's alleged misconduct *in this case* prejudiced his right to a fair trial below or otherwise prejudiced the jurors such that they "could not weigh the evidence and render a true verdict." *Chmiel*, *supra*. Indeed, Ecklund fails to provide

any meaningful legal analysis of his individual claims and his argument neglects to set forth a discussion of relevant case law as to whether the prosecutor's actions even amount to misconduct.

In a tacit acknowledgment of this omission, Ecklund urges that "[i]f you look at the objections, as isolated incidents in a vacuum, then Ecklund and his counsel would agree with the trial court [that Ecklund received a fair trial]." Appellant's Brief at 17. Ecklund continues that, "[h]owever, it is [the prosecutor's] course of conduct that is in question and it is this course of conduct that denied Ecklund the opportunity for a fair trial in this matter." *Id*.

We note it is well settled that "no number of failed claims may collectively attain merit if they could not do so individually." *Chmiel*, 30 A.3d at 1186 (citation omitted). Here, because Ecklund has failed to establish that any of his claims of prosecutorial misconduct merit relief individually, he cannot do so on a cumulative basis.

As Ecklund has failed to establish he was denied the right to a fair trial as a result of the prosecutor's actions when taken individually, we are constrained to find that Ecklund's claims of prosecutorial misconduct do not warrant relief. Consequently, we also find no abuse of discretion in the trial court's refusal to declare a mistrial.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/2014